FILED
2019 Aug-14 PM 04:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| NAVIGATOR'S LOGISTICS, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 5:18-cv-1605-LCB |
| GSH OF ALABAMA, LLC, | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**

Before the Court is defendant GSH of Alabama, LLC's ("GSH"), motion to dismiss. (Doc. 8). The motion has been fully briefed and is ripe for review.

### Background

According to the pleadings, GSH is a disaster-relief contractor whose operations include providing manufactured and modular homes to the Federal Emergency Management Agency. Navigator's Logistics, LLC, ("Navigator's"), agreed to pick up and deliver the housing units for GSH for specified rates to be paid for each delivery. On February 27, 2018, Navigator's was in the process of completing one such delivery when its vehicle was involved in an accident[1] that damaged one of the housing units. GSH ultimately rejected delivery of the unit and refused to pay for it. Attempts to recover the lost revenue from Navigator's

---

[1] The parties do no dispute that the accident was caused by an unrelated third party who was determined by police to have been intoxicated at the time of the accident. The driver of that vehicle is not a party to this case.

insurance company were unsuccessful. In its complaint, Navigator's alleged that GSH also refused to make payments on "invoices for deliveries made both before the February 27, 2018 accident, as well as after the February 27, 2018 accident." (Doc. 1, at 4).

On October 1, 2018, Navigator's Logistics, Inc., filed a seven-count complaint centered around GSH's failure to pay the invoices described above. Navigator's alleged the following counts against GSH: (1) breach of contract; (2) fraudulent suppression; (3) conversion; (4) breach of covenant of good faith and fair dealing; (5) unjust enrichment; (6) quantum meruit; and (7) account stated. On December 17, 2019, GSH filed a motion to dismiss in which it claimed that Navigator's complaint was due to be dismissed pursuant to Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P.

## GSH's Motions

In its complaint, Navigator's asserted that this Court had diversity jurisdiction over its claims pursuant to 28 U.S.C. § 1332(a), because, it said, the parties were from different states, and "the amount in controversy exceeds $75,000." GSH does not dispute that the parties are from different states but argues that Navigator's failed to adequately plead that the amount in controversy actually exceeded $75,000, a requirement for diversity jurisdiction to lie. *See* 28 U.S.C. § 1332(a)("The district courts shall have original jurisdiction of all civil

actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States….") Therefore, GSH argued, this Court does not have subject-matter jurisdiction and must dismiss the case. GSH also asserted, pursuant to Rule 12(b)(6), Fed. R. Civ. P., that Navigator's failed to state a claim for which relief can be granted with respect to Counts II, III, IV, and V. The Court will first address GSH's 12(b)(6) motions.

## GSH's 12(b)(6) Motions

The Court turns first to GSH's contention that Counts II and III are due to be dismissed for failing to state a claim for which relief can be granted. Rule 12(b)(6) permits a party to move to dismiss a complaint for, among other things, "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the Court must "accept[ ] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1303 (11th Cir. 2008) (*quoting Castro v. Sec'y of Homeland Sec.*, 472 F.3d 1334, 1336 (11th Cir. 2006)).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id*. at 679. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (*quoting, in part,* Fed. R. Civ. P. 8(a)(2)). Thus, the Supreme Court has "suggested that courts considering motions to dismiss adopt a 'two-pronged approach' in applying these principles: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (*citing Bell Atlantic v. Twombly*, 550 U.S. 544, 567 (2007)). Further, Rule 9(b), Fed. R. Civ. P., requires complainants to plead fraud claims with particularity.

Turning to Count II, Navigator's fraudulent suppression claim, federal courts in this district have noted: "In Alabama, a fraudulent suppression claim requires a plaintiff to produce substantial evidence establishing that 1) the defendant had a duty to disclose an existing material fact; 2) the defendant suppressed that material fact; 3) the defendant's suppression of that fact induced the plaintiff to act or refrain from acting; and 4) the plaintiff suffered actual damage as a proximate

result." *Alabama Teachers Credit Union v. Design Build Concepts, Inc.*, 334 F. Supp. 3d 1171, 1197 (N.D. Ala. 2018), *citing Booker v. United American Ins. Co.*, 700 So. 2d 1333, 1339 (Ala. 1997).

Further, "Rule 9(b) of the Fed. R. Civ. P. provides heightened pleading requirements for fraud-based claims. To satisfy the rule, [a plaintiff's] fraud complaint must set forth the following:

> "(1) Precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."

*Alabama Teachers Credit Union*, 334 F. Supp. 3d at 1198, *citing Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997).

The complaint in the present case pleads the following: that GSH suppressed its intention to wrongfully refuse payment; that, despite a duty to respond truthfully to Navigator's inquiries, GSH told Navigator's that it intended to make payments on the unpaid invoices; and that as a result of the fraudulent suppression, Navigator's suffered damages. (Doc. 1, at 6). The complaint does not state with any particularity "[p]recisely what statements were made in what documents or oral representations or what omissions were made, … the time and place of each such statement and the person responsible for making (or, in the case of omissions,

not making) same, and … the content of such statements and the manner in which they misled the plaintiff….." *Id.* Additionally, the complaint fails to specifically claim that GSH's alleged conduct induced Navigator's to continue its deliveries.

In its response to GSH's motion to dismiss, Navigator's acknowledges that "the Complaint does not contain a specific numbered paragraph stating that Navigators was induced to take action as a result of the fraudulent suppression of information." (Doc. 11, at 8). Rather, Navigator's states that this Court can easily infer that it was induced to continue its deliveries. GSH's contention in its reply brief that this argument "highlights the Complaint's failure to meet the heightened standard of particularity required by Rule 9(b)" is well taken. It appears to the Court that Count II is an attempt by the plaintiff to recast its breach-of-contract claim as a fraud claim. Accordingly, this Court finds that Count II of Navigator's complaint fails to state a claim for which relief can be granted and is due to be dismissed.

The Court also finds that Navigator's failed to state a claim with regard to Count III of its complaint. In Count III, Navigator's alleged that, after the accident in question, GSH's employees began to remove some of the undamaged parts from the housing unit over the protests of Navigator's employee. According to Navigator's this constituted conversion. However, it is undisputed that GSH owned the housing unit in question including all of the parts that its employees

allegedly removed. In its response to GSH's motion to dismiss, Navigator's does not dispute the assertion that GSH could not convert its own property.

As an alternative theory of conversion, Navigator's also alleged that GSH improperly withheld money that was immediately due to Navigator's upon submission of certain invoices. However, like the fraudulent-suppression claim, this appears to be attempt by Navigator's to recast its breach-of-contract claim as a tort claim. "'Alabama law does not recognize a tort-like cause of action for breach of a duty created by contract, at least not between the parties to a contract….'" *U.S. Bank Nat. Ass'n v. Shepherd*, 202 So. 3d 302, 314–15 (Ala. 2015), *quoting Alverson v. PNC Bank*, [No. 14–00387–CB–B] (S. D. Ala. Dec. 15, 2014). Accordingly, this Court finds that Navigator's failed to adequately plead a claim for conversion. Therefore, Count III is due to be dismissed.

GSH also asserted that Count IV, breach of covenant of good faith and fair dealing, and Count V, unjust enrichment, are due to be dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P. GSH essentially argues that these claims are inconsistent with Navigator's breach of contract claim because, GSH says, these causes of action are intended to cover situations in which a contract does not exist. However, "Rule 8(d) of the Federal Rules of Civil Procedure expressly permits the pleading of both alternative and inconsistent claims." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1273 (11th Cir. 2009). *Se e* Fed. R. Civ. P. 8(d)(3) ("A

party may state as may separate claims or defenses as it has, regardless of consistency.") Accordingly, the Court does not find that these claims are due to be dismissed pursuant to Rule 12(b)(6).

## GSH's 12(b)(1) Motion

GSH also moved to dismiss all of Navigator's claims pursuant to Rule 12(b)(1), Fed. R. Civ. P., because, it said, the amount in controversy does not exceed $75,000. A review of the complaint reveals that Navigator's alleged amount in controversy is somewhat vague. In its jurisdictional statement, Navigator's claimed that "the amount in controversy exceeds $75,000." (Doc. 1, at 1). However, GSH notes that, elsewhere in the complaint, Navigator's claims that it has "suffered in excess of $60,000 damages as a result of GSH's conduct." (Doc. 1, at 4) *see also* (Doc. 1, at 9)("GSH owes Navigators in excess of $60,000, plus interest from the date of each invoice, on account stated.")

Navigator's countered that it has made a good faith claim that the amount in controversy exceeds $75,000. Navigator's cites *Precision Spraying & Mowing, LLC, v. Southern Roots Vegetation Management, LLC*, 2:13-cv-1456-JEO, 2013 WL 12147765 (N.D. Ala. August 8, 2013), in which a court in this district found that, although the plaintiff had alleged that the defendant owed less than $75,000 in unpaid invoices, the amount in controversy was nonetheless satisfied because the

court found that the complaint also demanded unspecified amounts for compensatory and punitive damages under numerous fraud and tort theories.

"It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.' *Mollan v. Torrance*, 9 Wheat. 537, 539, 6 L.Ed. 154 (1824)." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004). This time-of-filing rule "measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing—whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal." *Id.* at 571.

As noted, Navigator's complaint alleged two counts seeking the award a punitive damages, i.e. fraudulent suppression and conversion. *See* (Doc. 1, at 6-7). In its motion to dismiss, GSH argued that, because the fraudulent suppression and conversion claims were due to be dismissed, the amount in controversy should not include the punitive damages claimed in those counts. (Doc. 8, at 5). However, GSH cited no authority in support of that contention.

> The United States Supreme Court has held:
>
> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid

9

> defense to the claim. But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed. Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.

*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–90 (1938), footnotes omitted. Although this Court has determined that the counts alleging punitive damages are due to be dismissed, it cannot definitively say, at this point in the proceedings, that those counts were alleged in bad faith as a means to invoke diversity jurisdiction. Additionally, it does not appear to a legal certainty that, had those claims gone forward, the plaintiff would not have been able to recover an amount in excess of $75,000. Accordingly, the Court finds that GSH's motion to dismiss filed pursuant to 12(b)(1), Fed. R. Civ. P., is due to be denied.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss is due to be **GRANTED** as to Counts II and III of the complaint and **DENIED** as to the remaining claims.

**DONE** and **ORDERED** August 14, 2019.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE